NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMERICARE MEDSERVICES, INC., | No. 17-55565 |
| Plaintiff-Appellant, | D.C. No. 8:16-cv-01703-JLS-AFM |
| v. | |
| CITY OF ANAHEIM; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted August 7, 2018
Pasadena, California

Before: HAWKINS and CHRISTEN, Circuit Judges, and HOYT,** District Judge.

AmeriCare MedServices, Inc. appeals the dismissal of its antitrust and declaratory-relief claims. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1068 n.5 (9th Cir. 2018) (citing

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

*City of Los Angeles v. AECOM Servs., Inc.*, 854 F.3d 1149, 1153 (9th Cir. 2017)), we affirm.

Dismissal was appropriate because appellees are immune from antitrust liability.[1] *See Parker v. Brown*, 317 U.S. 341, 350–51 (1943).  Municipalities enjoy state-action antitrust immunity when acting "pursuant to a 'clearly articulated and affirmatively expressed' state policy to displace competition.'"  *FTC v. Phoebe Putney Health Sys., Inc.*, 568 U.S. 216, 226 (2013) (quoting *Community Commc'ns Co. v. Boulder*, 455 U.S. 40, 52 (1982)).  The city appellees did just that; California law specifically authorizes cities "to maintain control of the [emergency medical] services they operated or contracted for in June, 1980" and "make decisions as to the appropriate manner of providing those services."[2]  *County of San Bernardino v.*

---

[1] We decline to adopt either an active-state-supervision requirement or a market-participant exception.  *See Town of Hallie v. City of Eau Claire*, 471 U.S. 34, 47 (1985) ("[A]ctive state supervision is not a prerequisite to exemption from the antitrust laws where the actor is a municipality rather than a private party."); *Shell Oil Co. v. City of Santa Monica*, 830 F.2d 1052, 1058 n.5 (9th Cir. 1987) (suggesting that a government entity is not a market participant when performing "integral operations in areas of traditional governmental functions" (quoting *Reeves, Inc. v. Stake*, 447 U.S. 429, 438 n.10 (1980))).

[2] Whether § 1797.201 properly applies to each city appellee is a question for California courts—not us.  *See City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 372 (1991) (applying "a concept of authority broader than what is applied to determine the legality of the municipality's action under state law"); *Kern-Tulare Water Dist. v. City of Bakersfield*, 828 F.2d 514, 522 (9th Cir. 1987) ("Where ordinary errors or abuses in exercise of state law . . . serve[] to strip the city of state authorization, aggrieved parties should not forego customary state corrective processes . . . in favor of federal antitrust remedies." (citations omitted)).

*City of San Bernardino*, 938 P.2d 876, 890 (Cal. 1997); *see* Cal. Health & Safety Code § 1797.201 (preserving the pre-1980 status quo by allowing cities to continue "providing [emergency medical] services" until reaching an agreement with the county). Further, since many cities had entered into exclusive agreements prior to 1980, an "anticompetitive effect was the 'foreseeable result[.]'"[3] *Phoebe Putney*, 568 U.S. at 227 (quoting *Eau Claire*, 471 U.S. at 42). And because the city appellees are immune from antitrust liability, CARE Ambulance Service, Inc. ("CARE") is as well. *See Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.*, 810 F.2d 869, 878 (9th Cir. 1987) (immunizing "state action, not merely state actors").

CARE is also immune under the *Noerr–Pennington*[4] doctrine, which shields private actors "from antitrust liability for petitioning the government, even when the private actors' motives are anticompetitive." *Sanders v. Brown*, 504 F.3d 903, 912 (9th Cir. 2007). CARE's efforts to obtain or maintain exclusive contracts with the city appellees falls squarely within the scope of *Noerr–Pennington*. *See id.* ("*Noerr–*

---

[3] *See also* Cal. Health & Safety Code § 1797.6 (providing "for state action immunity under federal antitrust laws for activities undertaken by local governmental entities in carrying out their prescribed functions"); *Mercy-Peninsula Ambulance, Inc. v. County of San Mateo*, 791 F.2d 755, 758 (9th Cir. 1986) (concluding pre-*Phoebe Putney* that California's Emergency Medical Services Act "has a foreseeably anti-competitive effect").

[4] *See United Mine Workers of Am. v. Pennington*, 381 U.S. 657 (1965); *E. R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961).

*Pennington* immunity protects private actors when they . . . enter contracts with the government." (citations omitted)).[5]

**AFFIRMED.**

---

[5] California Emergency Medical Services Authority's (Doc. 53) and Emergency Medical Services Administrators Association of California's (Doc. 54) motions to become amicus curiae are **GRANTED.** CARE's motion to take judicial notice (Doc. 77) is **DENIED.**